UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BENNET DOUGLAS and <br> CARMEN JORDAN, <br> <br> *Plaintiffs*, <br> <br> v. <br> <br> <br> CADENCE BANCORP, L.L.C. and <br> ENCORE BANCSHARES, INC., <br> <br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 4:12-cv-03571 <br> § (Consolidated with 4:12-cv-3574) <br> § <br> § <br> § <br> § <br> § |

### ORDER

Pending before the court are (1) plaintiff Bennett Douglas's motion for leave to amend his complaint to add Cadence Bank, N.A. ("Cadence Bank") and Cadence Financial Corporation ("Cadence Financial") as defendants in this lawsuit (Dkt. 29); (2) plaintiffs Carmen Jordan and Bennett Douglas's motion for leave to file a joint amended complaint (Dkt. 34); and (3) defendant Cadence Bancorp, L.L.C.'s ("Cadence Bancorp") motion to dismiss plaintiffs' claims against it. Dkt. 33. Having considered the motions, related filings, and the applicable law, the court is of the opinion that Douglas's motion for leave to amend should be **DENIED AS MOOT** and Douglas and Jordan's motion for leave to amend should be **GRANTED**. Cadence Bancorp's motion to dismiss should be **CONVERTED** to a motion for summary judgment, and a hearing should be held on the motion.

### I. BACKGROUND

This is a breach of contract case. Jordan and Douglas were employed by Encore Bancshares, Inc. ("Encore"), and received Change-in-Control ("CIC") agreements as part of their employment

packages. The CIC agreements promised to compensate Jordan and Douglas in the event of a merger, acquisition, or dissolution. Dkt. 1-3 at 7 (citing Dkt. 1-10); Dkt. 32 at 7 (citing Dkt. 1-10).

On March 5, 2012, Cadence Bancorp, its subsidiary entity EMS Sub I, Inc. ("EMS"), and Encore entered into an agreement and plan of merger. Dkt. 6-3 at 7. EMS was to be merged into Encore, with Encore as the surviving corporation. Dkt. 6-3 at 7. The merger agreement was subsequently finalized in July 2012. Dkt. 1-3 at 9. On September 7, 2012, Encore and Cadence Financial, another Cadence Bancorp subsidiary, entered into an agreement and plan of merger. Encore was to be merged into Cadence Financial, with Cadence Financial as the surviving corporation. Dkt. 11-4 at 2. The merger was effectuated on September 14, 2012. At the time of merger, Cadence Bancorp owned 100% of the outstanding capital stock in Encore and Cadence Financial. Dkt. 11-4 at 2.

On June 22, 2012, the then-Chairman of Encore, on behalf of himself and other Encore employees, served a written notice to Paul B. Murphy, Jr., the CEO of Cadence Bancorp at the time, requesting that Murphy and Cadence Bancorp (a) expressly assume Encore's obligations under the respective CIC agreements, and (b) acknowledge that Cadence Bancorp is contractually bound to perform all obligations under the CIC agreements. Dkt. 1-3 at 10 (citing Dkt. 6-5). Cadence Bancorp never responded to the June 22, 2012 written notice. Hank Holmes,[1] the President of Cadence Bank, did respond to a letter Jordan sent to Cadence Bancorp independently. The response letter indicated that Cadence Bank assumed Encore's obligations with regard to Jordan's CIC

---

[1] Hank Holmes is the Executive Vice President of Cadence Bank. Dkt. 5-5. Holmes was not an employee of Cadence Bancorp at the time of the mergers. Dkt. 11-2. Holmes wrote this letter to Jordan on Cadence Bank letterhead. Dkt. 5-5.

agreement. Dkt. 6-6. In July 2012, Douglas and Jordan resigned from their positions and invoked their rights to their CIC benefits. Dkt. 1-3 at 10, 12; Dkt. 32 at 12.

Jordan and Douglas both filed separate complaints in Texas State court on November 12, 2012. *Douglas v. Cadence Bancorp, L.L.C.*, No. 4:12-cv-03574,[2] Dkt. 1-3. The cases were removed to federal court on December 7, 2012. Douglas Dkt. 1; Dkt. 1. Douglas filed a motion for remand that was denied by Judge Hoyt on February 13, 2013. Douglas Dkt. 10. Jordan also filed a motion for remand, which was subsequently denied by this court on February 19, 2013. Dkt. 20. In denying Jordan's motion for remand, this court found that the June 22, 2012 letter demonstrated that Cadence Bank had expressly assumed the obligations in Jordan's CIC agreement and that there was no possibility of recovery against Cadence Bancorp. Dkt. 20 at 7.

On March 28, 2013, Douglas's case was consolidated with Jordan's case. Dkt. 27. Jordan filed a motion to amend her complaint on May 3, 2013, to add Cadence Bank and Cadence Financial as defendants. Dkt. 30 at 1–2. The court granted Jordan's motion to amend on May 7, 2013. Dkt. 31. Douglas also filed a motion to amend his complaint on May 3, 2013,[3] but the court has not yet ruled on his motion. Dkt. 29.

Cadence Bancorp filed a motion to dismiss Jordan's and Douglas's claims against it on June 7, 2013, arguing that it was not a party to the CIC agreements. Dkt. 33 (citing Dkt. 11). Jordan and Douglas then filed a joint motion for leave to amend their complaints on June 14, 2013, in order to have a single live complaint, in compliance with the court's policies. Dkt. 34. The proposed

---

[2] Docket references in this cause number 4:12-cv-03574 will hereinafter be referred to as "Douglas Dkt."

[3] Douglas's motion to amend similarly seeks to add Cadence Bank and Cadence Financial as defendants. Dkt. 30-1.

complaint alleges that Cadence Bancorp was required to honor the written request by executing its own written assumption and acknowledgment within two business days, and failed to do so. Dkt. 34-1. Cadence Bancorp and Encore oppose the amendment as futile and argue that Jordan fails to demonstrate excusable neglect and exhibits bad faith. Dkt. 38.

## II. DOUGLAS'S MOTION FOR LEAVE TO AMEND

Since filing his motion for leave to amend his complaint, Douglas filed a joint motion with Jordan for leave to file an amended complaint. Dkt. 34. This motion to file a joint amended complaint was to comply with the court's procedures that require a single live complaint in consolidated cases. Dkt. 34 at 2–3. Because Douglas has joined in a subsequent motion to amend, his original motion to amend (Dkt. 30-1) is DENIED AS MOOT.

## III. DOUGLAS AND JORDAN'S MOTION FOR LEAVE TO AMEND

### A. Rule 15(a)(2)

When a movant seeks leave to amend after the pleadings deadline set forth in the scheduling order, "the movant must demonstrate good cause." *Gentilello v. Rege*, 627 F.2d 540, 546 (5th Cir. 2010). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a court should freely give leave [to amend pleadings] when justice so requires." "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

However, while there is a "bias" in favor of amendment, "it is not automatic." *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996). Courts must consider the following factors when determining whether to grant a request for leave to amend: "(1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment." *Ellis v. Liberty Life Assurance Co. of Bos.*, 394 F.3d 262, 268 (5th Cir. 2004).

**B.     Analysis**

Jordan and Douglas's joint motion for leave to file an amended complaint was filed after the deadline to amend a complaint. Dkt. 34. Cadence Bancorp and Encore only partially oppose Jordan and Douglas's motion to the extent that it asserts a new theory. Dkt. 38 at 1 (citing Dkt. 34-1 at 16 ¶ 54). Cadence Bancorp and Encore claim that Jordan's new theory is futile, fails to demonstrate excusable neglect, and exhibits bad faith. Dkt. 38 at 2–4.

**1.     Futility**

In their response to the motion to amend (Dkt. 38), Cadence Bancorp and Encore allege that Jordan sets forth a new theory that Cadence Bancorp was obligated to acknowledge her letter requesting an assumption of her CIC agreement, but the aknowledgment letter came from an incorrect legal entity (Cadence Bank, rather than Cadence Bancorp). Dkt. 38 at 2. Cadence Bancorp and Encore assert that Jordan's new claim is futile because Jordan already admitted to being satisfied that the obligations under the CIC letter had been assumed and acknowledged. Dkt. 38 at 3 (citing Dkt. 34 at 2).

Jordan argues that her satisfaction with the letter was based on the understanding that the letter meant Cadence Bancorp had assumed and acknowledged the obligations. Dkt. 34 at 2. When defendants and the order denying Jordan's motion to remand explained that Cadence Bancorp did not, in fact, acknowledge and assume responsibility for payment of Jordan's CIC benefits in the letter, Jordan sought to amend her complaint to reflect these facts and explain why Cadence Bancorp was still contractually obligated to honor Jordan and Douglas's CIC agreements. *Id.* Under the proposed second amended complaint, Jordan alleges that Cadence Bancorp was the party required to honor the written request by executing its own written assumption and acknowledgment within two business days based on the CIC agreement terms. Dkt. 34-1 at 16. Jordan alleges that Cadence Bank, rather than Cadence Bancorp assumed the obligation, leaving Cadence Bancorp in breach. *Id.* Douglas has already asserted a similar claim (Case 4:12-cv-0357, Dkt. 1-3 at 11-12 ¶ 33-34). This alleged "new theory" is not futile.

2.   **Excusable Neglect**

Defendants additionally allege that Jordan failed to demonstrate excusable neglect for bringing this new claim. Dkt. 38 at 3. However, requiring the movant to prove excusable neglect is inappropriate unless the "delay presents the possibility of serious prejudice to the opponent." *Nance v. Gulf Oil Corp.*, 817 F.2d 1176, 1180 (5th Cir. 1987) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 n.2 (5th Cir. 1981)). There is no indication that this amendment would result in serious prejudice to the defendants. This case was filed in December 2012, and the parties have only exchanged initial disclosures and written discovery requests. Dkts. 1; 34 at 2. The response deadline for the written discovery requests has not yet expired, and no depositions have

been taken. Dkt. 34 at 2. Therefore, requiring Jordan and Douglas to prove excusable neglect is inappropriate.

### 3. Bad Faith

Defendants finally allege that this new claim was made in bad faith because Jordan had already expressed satisfaction that the obligations under the CIC agreement had been assumed and acknowledged. Dkt. 38 at 4. As discussed above, Jordan alleges her satisfaction was based on the understanding that Cadence Bancorp had assumed and acknowledged the obligations. Dkt. 34 at 2. Jordan's attempt to amend her complaint to comply with the court's finding relating to the letter from Cadence Bank, in addition to the lack of readily available discovery, suggest the new claim in the proposed amendment was not made in bad faith. Jordan and Douglas have shown good cause for amending their complaint. Their joint motion to amend is therefore GRANTED.

## IV. CADENCE BANCORP'S MOTION TO DISMISS

### A.   Rule 12(b)

A motion to dismiss must be made before pleading if a responsive pleading is allowed. Fed. R. Civ. P. 12(b). However, failure to state a claim upon which relief can be granted may be raised by a motion and after pleadings under Rule 12(c). Fed. R. Civ. P. 12(h)(2)(B). Thus, the 12(b)(6) motion to dismiss may be treated as if it has been styled as a 12(c) motion for judgment on the pleadings. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *see also Stearman v. C.I.R.*, 436 F.3d 533, 536–37 n.6 (5th Cir. 2006); *Quality Infusion Care Inc. v. Humana Health Plan of Tex. Inc.*, 290 F. App'x 671, 674 n.2 (5th Cir. 2008). The distinction between Rules 12(b)(6) and 12(c) motions is purely formal, because the standard for deciding a Rule 12(c) motion is the same as that

of a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion. Fed. R. Civ. P. 12. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56; *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 2550 (1986). Moreover, misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court *may* at any time, on just terms, add or drop a party. Fed. R. Civ. P. 21 (emphasis added). The court may also sever any claim against a party. *Id.*

**B.     Analysis**

Cadence Bancorp filed its motion to dismiss pursuant to Rule 12(b)(6) after its December 7, 2012 answers to Jordan's and Douglas's original complaints. Dkt. 33. Since the motion was filed after the answers, the court generally would treat it as a Rule 12(c) motion for judgment on the pleadings. However, Cadence Bancorp also relies on matters outside the pleadings. *See* Dkt. 33 (citing Douglas's Dkt. 4; Dkts. 11, 20). Cadence Bancorp argues that the claims asserted against it should be dismissed because the court has already found there is no possibility of recovery against it in its order denying Jordan's motion to remand. *Id.* The court therefore finds it appropriate to convert the motion for judgment on the pleadings to a motion for summary judgment.

The original documentation and theories presented in Jordan's case indicated, as the court noted in the order denying the motion to remand (Dkt. 20), that there was no possibility of recovery against Cadence Bancorp. However, the parties have presented additional references to documentation and arguments that calls the court's original conclusions into question. The current record is far from clear with regards to Cadence Bancorp's contractual obligations relating to Jordan and Douglas. The court believes oral argument may help clarify these issues.

The parties are therefore ORDERED to appear for oral argument on the converted motion for summary judgment in courtroom 9D on Wednesday, August 14, 2013, at 1:00 p.m. at the Bob Casey Federal Courthouse, 515 Rusk, Houston Texas. The parties shall be prepared to address whether Cadence Bancorp is an appropriate party and, if so, whether the court should remand this matter to state court under its continuing obligation to ensure it has jurisdiction. Since the court has converted this to a motion for summary judgment, the parties may submit supplemental briefing of no more than five pages on or before August 7, 2013. This briefing shall include clear pinpoint citations to the exact page in the record to which the parties are referring.

## V. CONCLUSION

Douglas's motion to amend is **DENIED AS MOOT**. Jordan and Douglas's joint motion for leave to file a second amended complaint is **GRANTED**. Defendant Cadence Bancorp's motion to dismiss is **CONVERTED** to a motion for summary judgment, and a hearing will be held on the motion as noted above.

It is so ORDERED.

Signed at Houston, Texas on July 29, 2013.

_____
Gray H. Miller
United States District Judge